Affirmed and Memorandum Opinion filed November 17, 2005









Affirmed and Memorandum Opinion filed November 17,
2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00957-CR

____________

 

SEDRIC DWAYNE FRAZIER,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
183rd District Court

Harris County,
Texas

Trial Court Cause No.
976,585

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted Sedric Dwayne Frazier of burglary of a
habitation and sentenced Frazier to confinement for thirteen years in the Texas
Department of Criminal Justice, Institutional Division.  After the instant appeal was perfected,
appellate counsel filed a brief in compliance with Anders v. California,
386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978), concluding there was no arguable error
to support an appeal.  Frazier filed a
pro se brief in which he complains there was reasonable doubt, the eyewitness
did not testify at trial, and the State made inaccurate statements during the
punishment phase regarding his prior criminal record.








We construe Frazier=s claims about reasonable doubt as a
challenge to the sufficiency of the evidence. 
The record reflects the State presented evidence Frazier=s fingerprints were found on the
inside, as well as the outside, of the broken window.  Officer A. N. Lotz of the Houston Police
Department testified that Lakeesha Guiang picked Frazier out of a photographic
array.  According to Officer Lotz,
Lakeesha said that she and her sister had confronted Frazier coming out of the
apartment and chased him through the apartment complex.  As he hopped over the fence, he threw a blue
gym bag over the fence.  There was
testimony that a blue duffel bag was taken from the apartment.  No evidence was presented by the
defense.  Viewing all the evidence in the
light most favorable to the verdict, we find any rational trier of fact could
have found the elements of the offense beyond a reasonable doubt.  See Ovalle v. State, 13 S.W.3d 774,
777 (Tex. Crim. App. 2000).  Further,
considering all the evidence in a neutral light, we find the evidence
supporting the verdict is not too weak to support the jury's finding of guilty
beyond a reasonable doubt.  See Zuniga
v. State, 144 S.W.3d 477, 484‑85 (Tex. Crim. App.2004).  Further, the evidence contrary to the verdict
is not so strong that the beyond‑a‑reasonable‑doubt standard
could not have been met.  Accordingly,
the jury was rationally justified in finding guilt beyond a reasonable
doubt.  Id. at 485.

Frazier complains that Lakeesha did not testify at trial.  However, the record reflects no objection was
raised when Officer Lotz testified to Lakeesha=s actions and statements.  Accordingly, nothing is preserved for our
review.  See Tex. R. App. P. 33.1(a).

Frazier claims the State made inaccurate comments about his
criminal record during the punishment phase of trial.  Frazier does not argue, or demonstrate, any
harm  resulted and the nature of the
inaccuracies, if any, do not suggest harm ensued.

We have carefully reviewed the record and counsel's brief,
and find no arguable error requiring us to order appointment of new
counsel.  Compare Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App.1991). 
Accordingly, the judgment of the trial court is affirmed.








 

PER CURIAM

 

Judgment rendered
and Memorandum Opinion filed November 17, 2005.

Panel consists of
Justices Fowler, Edelman, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).